### WENDELL et al. v. WALKER.

#### (Supreme Court, Appellate Term. March 11, 1904.)

1. SALE—BREACH OF CONTRACT—DAMAGES.
    One selling material to a building contractor, without being informed that the contractor would be subject to penalty for not having the work done by a certain time, is not liable, because of his failure to deliver the material at the stipulated time, for the penalty incurred by the contractor as a result of the delay in delivery.

2. APPEAL—PRESUMPTION.
    There being evidence which, if believed, warranted the judgment, it will be presumed on appeal that it was based thereon.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jacob Wendell and another against Joseph Walker. From a judgment for plaintiffs after a trial by court without a jury, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Ryan & Innes (Frank H. Innes, of counsel), for appellant.

Gifford & Cox (Ralph W. Gifford and Sherman Cox, of counsel), for respondents.

GIEGERICH, J. The action was brought to recover the agreed price for electrical supplies sold by the plaintiffs to the defendant, to

be used in equipping an electric road on Staten Island. The contract, which was in writing, stipulated that delivery was to be made within 10 days from date. As a matter of fact, some of the articles, namely, brackets to be used on the poles for suspending the electric wires, were not furnished within the 10 days fixed, but a considerable time thereafter. These brackets were essential to the further progress of the work, and the failure to have them on time delayed the defendant in completing his contract, and, as a consequence, he was compelled to pay $1,250 penalties, in accordance with the terms of the agreement which he had with the railroad company, which agreement imposed a penalty of $50 per day for any delay in the completion of the work beyond the date fixed. A counterclaim for that amount was set up in the answer. Judgment was rendered in favor of the plaintiffs for the amount of their demand, and dismissing the counterclaim.

Although the goods in question were not delivered within the 10 days specified in the contract, they were, nevertheless, accepted by the defendant without any notice given at the time that a claim would be made for damages on account of the delay. The briefs discuss elaborately, and with the citation of numerous authorities on either side, the question whether, under such circumstances, the counterclaim could be allowed; but we do not think this question can be entertained, because of the fact that there is a conflict of evidence on the very essential point whether the plaintiffs were informed, at or before the time they made the contract, that the defendant was under a penalty for delay in completing the road. In Booth v. Spuyten Duyvil Rolling Mill Co., 60 N. Y. 487, 492, the court said, "If the contract is made with reference to special circumstances fixing or affecting the amount of damages, such special circumstances are regarded within the contemplation of the parties, and damages may be assessed accordingly," and held that, in an action by the purchaser against the vendor for the latter's failure to supply goods contracted for, the plaintiff was entitled to recover as damages the profits he would have realized had the defendant furnished the goods contracted for and necessary to enable the plaintiff to complete his contract under which he would have realized the profits sued for. The defendant testified that he did tell the plaintiffs' agent, who negotiated the sale, of the necessity for prompt delivery, and of the fact that he, the defendant, was under a penalty of $50 per day for delay; but this the agent denies with positiveness. An attempt was made to show by one Carpenter, who was connected with the defendant in business, and who had the interview with the plaintiffs' agent at which the items and prices of the sale were discussed and agreed upon, that at that interview the conditions of the contract and of its completion, and the time that the road must be in operation, were discussed; but Carpenter stated that he did not think anything was said on that point, and the utmost that he could testify to was that he told the plaintiffs' salesman that the goods had to be gotten around in a short time, because they were in a hurry to complete the contract. There being this conflict of evidence, therefore, and the justice having found in favor of the plaintiffs, we cannot assume that he committed any error

of law, but must assume that he believed the testimony of the plaintiffs' salesman that nothing was said as to the amount of the penalty, or even the existence of any penalty, or any other special circumstances showing the importance of having the delivery made within the exact time fixed in the contract. We think the judgment was right, and should be affirmed, with costs.

Judgment affirmed, with costs. All concur.